UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NOEL BROWN,

                         Petitioner,                    22-CV-06371 (PAE) (VF)

        -against-                                           <u>ORDER</u>

STATE OF NEW YORK,

                        Respondent.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

By applications dated April 4, 2023, and January 17, 2024 (<u>see</u> ECF Nos. 30, 45), Petitioner Noel Brown moves the Court to grant a request for pro bono counsel in connection with his pending habeas petition (the "Application"). For the reasons set forth below, the motion is denied without prejudice.

"As an initial matter, there is no constitutional right to representation by counsel in civil or habeas corpus proceedings." <u>Williams v. United States</u>, No. 20-CV-1554 (RJS), 2020 WL 1674108, at *1 (S.D.N.Y. Apr. 6, 2020) (citing <u>Green v. Abrams</u>, 984 F.2d 41, 47 (2d Cir. 1993) and <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1260 (2d Cir. 1984)). In its discretion, however, the Court may request counsel to represent a petitioner seeking relief under § 2255 when that person is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B). In determining whether to appoint counsel for habeas petitioners, courts consider the standards set forth by the Second Circuit for appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915.

The Court's first inquiry is whether a party can afford to obtain counsel. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a party cannot afford counsel, it must then examine the merits of the case and decide whether the litigant's claim "seems likely to be of substance." McCray v. Royce, No. 20-CV-4127 (KPF) (KHP), 2020 WL 8669830, at *1 (S.D.N.Y. July 29, 2020) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see Cary v. Ricks, No. 00-CV-8926 (RWS), 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (applying Hodge factors to habeas petitioner's request for counsel). "In order to make such a determination, the Court must decide whether, from the face of the pleadings, the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." West v. Brickman, No. 07-CV-7260 (PKC) (DF), 2008 WL 3303773, at *1 (S.D.N.Y. Aug. 6, 2008) (citations and internal quotation marks omitted). Although trial courts are to undertake "the preliminary assessment of likely merit . . . somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel," the Second Circuit has nevertheless "cautioned that this requirement 'must be taken seriously.'" Williams, 2020 WL 1674108, at * 1 (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)). When assessing the merits, the Court must be mindful that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id.

Following the threshold merits inquiry, the Court should consider several additional factors set forth by the Second Circuit in Hodge, including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and

>any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61-62; see Cooper, 877 F.2d at 172. The Court should also be mindful of the Second Circuit's instruction that "[v]olunteer lawyer time is a precious commodity" and that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper, 877 F.2d at 172.

Petitioner filed an initial Request for IFP status on July 29, 2020, ECF No. 3, which was granted, ECF No. 4. In his initial IFP application, Petitioner represented that he is incarcerated, is not employed, has no assets or property, and owes court fines and fees. ECF No. 3. In his instant application, Petitioner represents that his IFP application is a true and correct representation of his current financial status. ECF No. 45. As such, Petitioner has sufficiently demonstrated that he is indigent and, thus, meets the income eligibility requirements to be appointed pro bono counsel. See McCray, 2020 WL 8669830, at 2 (finding that petitioner in habeas case satisfied the income eligibility requirements for appointment of pro bono counsel because although he received $792 from the "state" every two weeks and occasionally received money from his family, he was incarcerated, not employed, had no assts or property, and his IFP application was previously granted).

The Court next turns to the Application and Petitioner's reasons for seeking the appointment of counsel in this case. In 2019, Petitioner was convicted of two counts of criminal possession of a weapon in the second degree. ECF No. 1. at 1. In his Application filed on July 25, 2022, Petitioner raises ineffective assistance of counsel, "speedy trial," "constitutional errors," and "due process" claims. Id. at 5-11. Petitioner filed a motion to vacate his sentence on April 4, 2023, ECF No. 31, and then filed an amended motion to vacate his sentence on October

6, 2023, ECF No. 6. Respondent has until February 5, 2024, to file a response. ECF No. 42. Given that this case is still in the early stages of litigation, and Respondent has not yet opposed the motion to vacate, the Court cannot ascertain whether Petitioner's claims are "likely to be of substance." Hodge, 802 F.2d 61-62; see also Carmona, 243 F.3d at 632. As such, Petitioner's request for the appointment of counsel is denied as premature.

Even if the Court were to find that Petitioner's claims have merit, the other Hodge factors weigh against granting Petitioner's application at this stage, because Petitioner has not articulated the reasons why appointment of counsel is warranted in this case. ECF Nos. 30, 45. Apart from providing his financial information, Petitioner's application contains only the following explanation:

> Petitioner needs an attorney in this case due to the Court has issued a error decision on the merits of the case. Whereby, the interests of justice requires an attorney at such a critical stage of the proceedings, whereat the petitioner is confronted, just as at trial, by the procedural system, or by his expert adversary, or by all the above.
> I have taken steps to find to find an attorney. Including letters to the N.Y.S. Bar association, and phone calls to Law Firms, within the state. However, because of limited access to other communications methods, cause by my current incarceration I otherwise have great difficulty contacting attorney's, law firms, or legal clinics, who maybe able to assist.

ECF No. 45.

Because Petitioner has not explained why he seeks the appointment of counsel in this case, he has failed to articulate any bases that would justify the appointment of counsel at this time. See Hodge, 802 F.2d at 61–62; see also Martinson v. U.S. Parole Comm'n, No.02-CV-4913 (DLC) (DF), 2004 WL 203005, at *4–5 (S.D.N.Y. Feb. 2, 2004) (denying request for appointment of pro bono counsel where petitioner in habeas proceeding failed to articulate reasons showing that the appointment of counsel was required to meet the interests of justice).

Accordingly, Petitioner's Application is **DENIED** without prejudice to renewal at a later point, if additional grounds for an application are presented to the Court. Any renewed application should utilize the same standard-form application used here, to which Petitioner should append an affidavit establishing facts supporting the Hodge factors set forth above.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 30 and 45.

**SO ORDERED.**

DATED:   January 23, 2024
New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge