UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NOEL BROWN,

                              **Petitioner,**                  22-CV-6371 (PAE) (VF)

          -against-                                     <u>ORDER</u>

STATE OF NEW YORK,

                              **Respondent.**
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       By motion dated March 28, 2024, Petitioner Noel Brown requested that the Court appoint him pro bono counsel to assist with his habeas petition. <u>See</u> ECF No. 52. For the reasons set forth below, the motion is denied without prejudice.

       Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. <u>See</u> 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28."). In making this discretionary determination the Court must consider the same factors applicable to requests for pro bono counsel made by other civil litigants. <u>See e.g.</u>, <u>In re </u>Pizzuti, No. 10-CV-0199 (RJH) (HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010).

       When deciding whether to assign counsel to an indigent civil litigant, the threshold inquiry is whether there is substance to the litigant's position. <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001); <u>see also</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986). If the Court finds that the litigant's claim is of substance, it should next consider:

> [T]he indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. As the Second Circuit has explained, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 174 (1989).

Having reviewed the relevant factors, the Petition, Petitioner's application, and Respondent's Answer, appointment of pro bono counsel is not warranted at this stage of the case. "The Court cannot determine at this point in the litigation that Petitioner's "claim[s] [are] 'likely to be of substance.'" Perez v. United States, No.1:16-CR-656-GHW-2, 2020 WL 8812829, at *1 (S.D.N.Y. June 9, 2020) (quoting Hodge, 802 F.2d at 61-61)). Thus, Petitioner's request for pro bono counsel is denied without prejudice until after the Court has had the opportunity to review the Petition, Respondent's brief, and any reply filed by the Petitioner.

For the reasons stated above, Petitioner's application for pro bono counsel at ECF No. 52 is **DENIED without prejudice**. In response to Petitioner's request for a status update at ECF No. 53, Petitioner is informed that he can submit a reply to the Respondent's Response to the Habeas Petition (at ECF No. 33). The Clerk of Court is respectfully directed to terminate the motion at ECF No. 52.

**SO ORDERED.**

DATED:   May 23, 2024
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge