```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL BROWN,

                    Plaintiff,

      -v-

STATE OF NEW YORK,

                    Defendant.

**ORDER**

22-CV-6371 (PAE) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    On April 10, 2025, Plaintiff Noel Brown filed an application for the Court to request pro bono counsel. Dkt. No. 58. For the reasons set forth below, this motion is **DENIED**.

    Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). In making this discretionary determination the Court must consider the same factors applicable to requests for pro bono counsel made by other civil litigants. *See e.g.*, *In re Pizzuti*, No. 10-CV-0199 (RJH) (HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010).

    When deciding whether to assign counsel to an indigent civil litigant, the threshold inquiry is whether there is substance to the litigant's position. *Carmona*

1

*v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the Court finds that the litigant's claim is of substance, it should next consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. As the Second Circuit has explained, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (1989).

Brown previously requested pro bono counsel, which was denied by Judge Figueredo. Dkts. No. 51, 52, 54. He does not present any additional facts supporting his request in his present filing. Having reviewed the relevant factors, the Petition, Petitioner's application, and Respondent's Answer, appointment of pro bono counsel is not warranted. Upon an examination of the relevant documents, the Court finds that Brown's claim is not of substance.

The Clerk of Court is respectfully directed to terminate the application at Dkt. No. 58 as **DENIED** and to mail a copy of this order to the plaintiff.

**SO ORDERED.**

Dated: May 2, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge