UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL BROWN,

Petitioner,

-v-

STATE OF NEW YORK,

Respondent.

22 Civ. 6371 (PAE) (HJR)

ORDER

PAUL A. ENGELMAYER, District Judge:

On July 25, 2022, *pro se* petitioner Noel Brown filed a petition for a writ of habeas corpus, seeking to vacate his New York state court conviction for second-degree criminal possession of a weapon. Dkt. 1. On May 8, 2025, the Honorable Henry J. Ricardo, United States Magistrate Judge, issued a Report and Recommendation with respect to the petition. Dkt. 61 (the "Report"). The Report recommended that the petition be denied in full. *Id.* at 1.

No party timely objected to the Report. The Report stated that any party had 14 days to object—*i.e.*, by May 22, 2025. Report at 34. On June 4, 2026, Brown filed a letter regarding the Report. Dkt. 64. It stated that Brown "object[ed] to the entire [Report]" and attached a two-page, incomplete excerpt of a state court ruling, but did not elaborate further. *Id.* at 1, 4–5. Brown thereafter attempted to file multiple appeals of the Report with the Second Circuit, which were denied. *See, e.g.*, Dkts. 65, 66, 71, 72, 75.

On July 31, 2026, the Court adopted the Report in full, thereby denying Brown's habeas petition and closing this case. Dkt. 79. In its decision adopting the Report, the Court noted that Brown had untimely objected, and recounted the contents of that objection, as above. *See id.* at 1 n.1.

Brown attempted to appeal the July 31, 2026 decision of this Court adopting the Report. Dkt. 81. The notice of Brown's appeal alerted the Court to the fact that its July 31, 2026 decision omitted discussion of a certificate of appealability, which the Court should have included pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255. Rule 11(a) provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts; *see also Lasher v. United States*, 970 F.3d 129, 132 (2d Cir. 2020).

On August 24, 2026, the Court issued an Order declining to issue a certificate of appealability as to the July 31, 2026 Order, and also as to the August 24, 2026 Order itself. Dkt. 82. The Court, by reference to the reasons elaborated in the July 31, 2026 decision, concluded that Brown had not made a substantial showing of a denial of a federal right, and that appellate review was therefore not warranted. *Id.* at 1 (citing *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253). It further concluded that, because Brown failed to file any timely objection to the Report, he waived his right to appeal. *Id.* at 2 (citing *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)).

On September 14, 2026, Brown filed a "motion to recall mandate/order," which seeks to recall the August 24, 2026 Order denying a certificate of appealability. Dkt. 83. The motion requests "leave to appeal from the Magistrate's (R&R) adopted by the court in a judgment consistent with said order on August 4, 2026." *Id.* It purports to "call special attention to two issues in light of this Court's recent decisions in error"—namely, the notice of (Dkt. 62), and documentation purporting to support (Dkts. 63–64), Brown's untimely objection to the Report.

*See* Dkt. 83. And it asks that the Court "consider the previous 'objection' submissions" in considering the motion. *Id.*

The August 24, 2026 Order did not involve a mandate, and Brown's motion is appropriately construed as a motion for reconsideration. And, although the motion is aimed only at the Court's August 24, 2026 Order denying a certificate of appealability, it is liberally construed as also encompassing the Court's July 31, 2026 adoption of the Report. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*pro se* submissions to be construed liberally).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995). The basis for the motion is Brown's repeated contention that his untimely objection to the Report was owed consideration in the Court's adoption of the Report, principally because Brown contends he was unable to comply with the deadline to object due to prison mail constraints. *See* Dkts. 83–84. The Court considered the timeliness of Brown's objections in the July 31, 2026 decision adopting the Report, whose reasoning was adopted by reference in the August 24, 2026 Order declining to issue a certificate of appealability. *See* Dkts. 79 at 1 n.1; 82 at 1.

For the avoidance of doubt, had Brown's objection been timely, it would not have changed the standard of review applicable to the July 31, 2026 decision, nor the analysis or conclusion of either decision. As discussed above, Brown's objection consisted solely of a statement that Brown "object[ed] to the entire [Report]" and a two-page, incomplete excerpt of a state court ruling. To the extent that a party objecting to a Magistrate Judge's Report and Recommendation makes only conclusory or general objections, or simply reiterates the original arguments, a court reviews the Report strictly for clear error. *See Jones v. Smith*, No. 9 Civ.

6497 (PAE) (GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). Given the conclusory and general nature of Brown's "object[ion] to the entire [Report]," the Court would have reviewed the Report for clear error even if it had accepted and formally considered Brown's untimely objection. That standard—clear error—is the same one called for when no party timely objects, and it is the same one the Court applied in adopting the Report. *See* Dkt. 79.

The motion to recall the mandate/order is accordingly denied. The Court declines to issue a certificate of appealability in this case. Brown has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love*, 413 F.3d at 195; 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 83. The case is to remain closed. Brown is instructed not to make any further filings in this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 1, 2026
New York, New York